UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

JACOB ATKINSON, individually and on behalf of all others similarly situated,,

Plaintiff,

v.

PENNEY OPCO LLC, a foreign limited liability company; and DOES 1-20,

Defendant.

NO.

**NOTICE OF REMOVAL OF CIVIL ACTION**

(Removed from King County Superior Court Case No. 23-2-19391-1 SEA)

Defendant Penney OpCo LLC, ("Defendant" or "JCPenney"), by and through its undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for King County. This removal is based on 28 U.S.C. § 1332(a) (diversity), 1332(d) and § 1453 (the Class Action Fairness Act ("CAFA"), and § 1441 (a) and (b). It is timely under 28 U.S.C. § 1446. This Notice and Petition for Removal is supported by the accompanying Declaration of Catherine M. Morisset ("Morisset Dec.") and Declaration of Shannon Taylor ("Taylor Dec.") in Support of Removal.

## I. <u>BACKGROUND</u>

On October 20, 2023, Plaintiff Jacob Atkinson filed his First Amended Class Action Complaint for Damages, Injunctive Relief, and Declaratory Relief in Superior Court of



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

Washington State for King County entitled, *Jacob Atkinson v. Penney Opco LLC*, Case No. 232-19391-1 SEA ("FAC"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the FAC and all process served upon Defendant in state court is attached to the Morisset Dec. Ex. 1. The FAC's allegations are incorporated by reference in this Notice and Petition for Removal without admitting or agreeing to the truth of any of them. The FAC purports to seek relief from Defendant related to Washington's Equal Pay and Opportunity Act, RCW 49.58.110, requiring certain disclosures in job postings. Specifically, the FAC seeks (1) damages for alleged violations of RCW 49.58.110; (2) injunctive relief; and (3) declaratory relief for Plaintiff and on behalf of a putative class.

On November 22, 2023, Defendant filed a Notice and Petition for Removal in the Western District of Washington. Notice of Removal From King County Superior Court, *Atkinson v. Penney Opco LLC*, No. 2:23-cv-01806-BJR (W.D. Wash). Plaintiff opposed Defendant's removal and filed a Motion to Remand on May 31, 2024 on the ground that no Article III standing existed. Pl.'s Mot. to Remand, Dkt. 14, *Atkinson v. Penney Opco LLC*, No. 2:23-cv-01806-BJR (W.D. Wash). The district court ultimately granted Plaintiff's motion and remanded the case back to King County, finding that Plaintiff lacked Article III standing based on the state of the law at the time. Order Granting Remand, Dkt. 19, *Atkinson v. Penney Opco LLC*, No. 2:23-cv-01806-BJR (W.D. Wash). Defendant now brings a second Notice and Petition for Removal following the Washington Supreme Court's opinion in *Branson v. Washington Fine Wine & Spirits*, 574 P.3d 1031 (2025), which materially altered the analysis of who has standing under RCW 49.58.110(4) to pursue a claim.

## II. REMOVAL IS TIMELY

Removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant is filing this Notice and Petition for Removal within thirty days after the Washington Supreme Court issued its opinion in *Branson v. Washington Fine Wine & Spirits*. Accordingly, this Notice and Petition for Removal has been filed within 30 days of when this case was ascertained to be removable, per 28 U.S.C. §1446(b)(3).



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

## III. A SECOND NOTICE AND PETITION OF REMOVAL IS PROPER

Even after a case has been remanded, a subsequent removal is permitted if there is a "relevant change of circumstances" where "subsequent pleadings or events reveal a *new* and *different* ground for removal." *Kirkbride v. Cont'l Cas. Co*, 933 F.2d 729, 732 (9th Cir. 1991) (italics in original). For example, in *Rea v. Michael's Stores Inc.*, the Ninth Circuit reversed a trial court's grant of a second remand motion because the trial court erroneously found the removal untimely. The Ninth Circuit held that because a relevant Supreme Court decision was published after the initial remand, Defendant's removal was timely since there was a "a relevant change of circumstances . . . justify[ing] a reconsideration of a successive, good faith petition for removal". 742 F.3d 1234, 1238 (9th Cir. 2014). The court held that the new decision provided a sufficiently new ground for removal and the district court's first remand order had "subsequently become incorrect." *Id.*; *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185 (9th Cir. 2015) (permitting successive removal where a class certification order that broadened the class definition created CAFA jurisdiction for the first time); *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (permitting successive removal where intervening legislation established jurisdiction over a complaint that was previously held not removable).

Similarly here, there is a new and different ground for removal based on the Washington Supreme Court's opinion in *Branson v. Washington Fine Wine & Spirits*, which came down after the prior remand order. *Branson* holds that a plaintiff may proceed with a claim under RCW 49.58.110(4) based on plaintiff's bare allegations that he "appl[ied] to any solicitation intended to recruit job applicants for a specific available position," with no additional requirement of pleading that he is a "bona fide" applicant. 574 P.3d at 1040. Before *Branson*, federal courts in this district had generally taken the view that a plaintiff lacked Article III standing unless he alleged that he was a "bona fide" job applicant. *See*, *e.g.*, *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1071 (W.D. Wash. 2024), *modified on reconsideration*, 2024 WL 3199860 (W.D. Wash. June 26, 2024) ("[T]he Court concludes that a violation of the statutory provision at issue here—a job posting



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm."); *see also Floyd v. Insight Glob. LLC*, 2024 WL 2133370, at *7 (W.D. Wash. May 10, 2024), *amended on reconsideration*, 2024 WL 3199858 (W.D. Wash. June 26, 2024). *Branson* unequivocally rejected the requirement for a plaintiff to be a "bona fide" applicant. *Branson*, 574 P.3d at 1040. By implication, then, and contrary to the prior remand order in this case, which held Plaintiff lacked Article III standing because he failed to allege he "applied for the posted positions in good faith with a genuine interest in employment," under *Branson*, failing to plead that one is not a "bona fide applicant" is not a barrier to finding Article III standing. Order Granting Remand at 4, *Atkinson v. Penney Opco LLC*, No. 2:23-cv-01806-BJR (W.D. Wash). Given this material "change in circumstances," removal is appropriate.

## IV. <u>VENUE IS PROPER</u>

Per 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States and division embracing the place where such action is pending." *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (the Western District of Washington) embraces the King County Superior Court, which is where Plaintiff's FAC was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate federal district court to which to remove this action.

## V. <u>SUBJECT MATTER JURISDICTION EXISTS</u>

Defendant removes this action based upon diversity jurisdiction, 28 U.S.C. § 1332(a) and CAFA, 28 U.S.C. § 1332(d). As set out below, this action is removable per 28 U.S.C. § 1441(a) as (1) it is a case with complete diversity of citizenship between the named Plaintiff and Defendant with over $75,000 in controversy and/or (2) it meets CAFA's requirements as (a) it is a putative



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

class action in which at least one member of the class of plaintiffs is a citizen of a state different from that of any one defendant, satisfying minimal diversity requirements; (b) the proposed class is estimated to exceed 100 members; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A).

**A. Article III Standing**

Article III standing exists for purposes of removal because, accepting all material allegations as true at this pleading stage, Plaintiff has alleged a concrete and specific injury of "lost valuable time" in his FAC from applying for jobs without a pay scale, which he claims impeded his ability to evaluate pay, negotiate pay, and compare pay to other available positions. *See* FAC ¶ 17 (alleging Plaintiff "lost valuable time applying for jobs with Defendant"); *see also id.* ¶ 18 ("As a result of Plaintiff's and Class members' inability to evaluate the pay for the position, negotiate that pay, and compare that pay to other available positions in the marketplace, Plaintiff and the Class members were harmed"); ¶ 19 ("As a result of Defendant's actions and omissions, Plaintiff and the Class have been damaged in amounts to be proven at trial."). After the earlier remand order in this case, the Ninth Circuit held similar allegations about lost opportunity costs, akin to lost time, can be sufficient to plead Article III standing and support removal. For example, in *Thaukur v. Trump*, the court held that the putative class representative's allegations of injury in the form of lost opportunity costs were sufficiently "concrete" to plead standing. 148 F.4th 1096, 1105 (9th Cir. 2025); *see also Adkins v. Facebook, Inc.*, 424 F. Supp. 3d 686, 692 (C.D. Cal. 2019) (holding that loss of time, even an amount of time that appears "small," is sufficient to plead Article III standing).

**B. Section 1332(a)(1) – Diversity Jurisdiction Exists**

There is complete diversity of citizenship between the named Plaintiff and Defendant. CAFA only requires minimal diversity — that is, that any one plaintiff is a citizen of a different



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

state than any one defendant. 28 U.S.C. §§ 1332(d)(2)(A) and 1453.[1] Defendant is organized in the state of Virginia with its corporate headquarters in Plano, Texas, where all high-level officers work, direct, control, and coordinate activities. Taylor Dec. ¶ 3. In Plaintiff's application, he listed a California address; in his FAC he states he resides in King County. Taylor Dec. ¶ 5; FAC ¶ 8. Thus, Plaintiff is either domiciled in Washington or California. Because Plaintiff and Defendant are citizens of different states, complete diversity and minimal diversity exist here.

**1. Plaintiff's Citizenship**

Plaintiff alleges he is a "resident of King County, Washington." FAC ¶ 8. In his application to work for JCPenney, Plaintiff provided a California home address. Taylor Dec. ¶ 5. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place and intends to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal citation omitted). While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Id.* at 750. Moreover, the Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). Plaintiff's allegations of residing in Washington and California show that he is either domiciled in either California or Washington.

**2. Defendant's Citizenship**

Defendant is neither a citizen of Washington nor California. As the Ninth Circuit has held, "under 28 USC § 1332(d)(10) 'an unincorporated association [is] . . . deemed to be a citizen of the

[1] The citizenship of Doe defendants is immaterial for purposes of determining minimal diversity under CAFA or otherwise. 28 U.S.C. 1441(a); *see Bryant v. Ford Motor Co.,* 886 F.2d 1526 (9th Cir. 1989), *cert. denied,* 493 U.S. 1076 (1990); *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1021 (9th Cir. 2007).



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction that a 'limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members.'" *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citations omitted). A corporate entity's "principal place of business" "refers to the place where the [entity's] high-level officers direct, control, and coordinate the [entity's] activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporate entity, including an LLC, may only have a singular "principal place of business," *id.* at 93, which is considered its "nerve center," *id.* at 81. "[I]n practice [this] should normally be the place where the [corporate entity] maintains its headquarters." *Id.* at 93. Defendant is a citizen of Virginia and Texas: Defendant is organized under the laws of Virginia and maintains its corporate headquarters in Plano, Texas, where its high-level officers work, direct, control, and coordinate Defendant's activities. Taylor Dec. ¶ 3.

**3. The $75,000 Amount-in-Controversy Is Met.**

For diversity jurisdiction, the amount in controversy must meet or exceed $75,000. 28 U.S.C. § 1332(a). Although Defendant denies that Plaintiff or any putative class member is entitled to any relief, in determining the amount in controversy, the Court must assume Plaintiff's allegations in the FAC are true and that a jury will return a verdict for the Plaintiff on all claims in the FAC. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (Internal quotation marks omitted; emphasis in original)). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (internal citations omitted) (diversity removal). "This amount includes, inter alia, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

attorneys' fees awarded under fee shifting statutes." *Id*. at 648-69; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (in CAFA removal action, holding that when statute or contract provides for recovery of attorney fees, prospective attorney fees must be included in assessment of amount in controversy). A defendant is entitled to rely on reasonable assumptions surrounding plaintiff's alleged claims, including potential attorney fees awarded under fee shifting statutes. *Gonzales*, 840 F.3d. at 648-69. Thus, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, Plaintiff seeks injunctive relief and attorney fees as set out in in the remedies sections of RCW 49.58.110(4) and RCW 49.58.070(1), in addition to statutory damages. If this case proceeded to trial, Plaintiff's recoverable attorney fees would easily exceed $75,000, even without consideration of the cost of complying with the injunction or any damages awarded. It is a reasonable estimate that the number of attorney hours to even just litigate this case to summary judgment (e.g., investigate and prepare a complaint, complete written discovery, respond to discovery, complete at least two depositions, prepare a summary judgment motion or oppose the same) will total at least 100 hours of work. A recent declaration submitted by Plaintiff's lead counsel in another matter indicates he has an hourly rate of $750 per hour; thus, the $75,000 amount-in-controversy will be reached after a mere 100 hours of attorney work (not including hours billed by other attorneys, paralegals, and support staff) and costs. Morisset Dec. Ex. 2. And if a named plaintiff in a diversity class action has a claim with an amount in controversy in excess of $75,000, 28 U.S.C. § 1367 confers supplemental jurisdiction over claims of unnamed class members irrespective of the amount in controversy in their claims. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001).

**C. Section 1332(d)(2) – CAFA Jurisdiction Exists**

A traditional § 1332 (a)(1) diversity determination, however, is unnecessary, as the Court



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

clearly has jurisdiction under the Class Action Fairness Act's minimal diversity standards. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs." *Ibarra v. Manheim Investments, Inc.*, *775* F.3d 1193, 1195 (9th Cir. 2015); 28 U.S.C. § 1332(d). As the Ninth Circuit has noted, CAFA "significantly expanded federal jurisdiction in diversity class actions." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010). The Supreme Court has advised "that no antiremoval presumption attends cases invoking CAFA," in part because the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin*, 574 U.S. at 89. "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transp. Servs., Inc.,* 28 F.4th 989, 993 (9th Cir. 2022) (reversing remand of putative class action based on CAFA where the trial court improperly "put[] a thumb on the scale against removal" and questioning its statement that removal "must be rejected" if there was any doubt as to removal); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively."). The following is intended to proactively address any concerns the Court may have regarding each CAFA requirement.

**1. Minimal Diversity Exists**

Plaintiff is a citizen of California or Washington as explained above. CAFA defines citizenship of an LLC differently than traditional diversity analysis. As the Ninth Circuit has held, "under 28 USC § 1332(d)(10), 'an unincorporated association [is] . . . deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members.'" *Abrego*, 443 F.3d at 684 (quoting



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

*Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004)); *see also City of E. St. Louis, Illinois v. Netflix, Inc*., 83 F.4th 1066 (7th Cir. 2023); *BRT Management LLC v. Malden Storage LLC*, 68 F.4th 691, 696 n.7 (1st Cir. 2023); *Siloam Springs Hotel*, *L.L.C. v. Century Surety Co*., 781 F.3d 1233, 1237 n.1 (10th Cir. 2015); *Erie Insurance Exchange v. Erie Indemnity* Co.*,* 722 F.3d 154, 161 n.7 (3d Cir. 2013) ("CAFA itself evinces an intent that suits by unincorporated associations be treated like suits by corporations in that the citizenship of the association for diversity purposes is determined by the entity's principal place of business and not by the citizenship of its members"); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010). Despite the different test, though, the end result is the same: Defendant, as an LLC, would be deemed a citizen of Texas (where it has its principal place of business) and Virginia (because it is organized under the laws of Virginia).

**2. The Putative Class Exceeds 100 Individuals.**

CAFA requires at least 100 putative class members. 28 U.S.C. § 1332(d)(5)(B). In the FAC, Plaintiff defines the class as:

> All individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in the State of Washington with one or more of the Defendant, where the job posting did not disclose the wage scale or salary range for the position.

FAC ¶ 20. By Plaintiff's own estimation, "[t]here are potentially hundreds of individuals who applied for jobs with Defendant within the time period relevant to this matter" and that "[j]oinder of all such individuals is impracticable." *Id.* ¶ 22. Defendant agrees there were at least "hundreds of individuals" who submitted job applications during the relevant period. Defendant has preliminarily calculated that in 2023 alone, it received at least 5,035 applicants. Taylor Dec. ¶ 6. For the position that Plaintiff specifically applied, at least 123 individuals applied in 2023. This requirement is therefore met.

**3. Amount in Controversy Under CAFA**

For CAFA, the amount in controversy must meet or exceed five million dollars in aggregate. 28 U.S.C. § 1332(d)(2), (6). Although Defendant denies that Plaintiff or any putative



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

class member is entitled to any relief, in determining the amount in controversy under CAFA, the Court must assume the complaint's allegations are true and that a jury will return a verdict for the plaintiff on all claims alleged. *Cain,* 890 F. Supp. 2d at 1249 ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (internal quotation marks omitted). The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales*, 840 F.3d at 648 (internal citations omitted) (diversity removal).

Here, Plaintiff seeks: "[s]tatutory damages equal to Plaintiff's and the Class Members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1)." FAC § VII.2. Plaintiff describes the putative class broadly as "all individuals who. . . applied for a job opening in the State of Washington[.]". FAC ¶ 20. Putting aside that Plaintiff's vague class definition overstates the reasonable reach of RCW 49.58.070(1), that his FAC does not plead a legally tenable class or claim, and that RCW 49.58.070 has since been amended to allow for a range of statutory damages between $100 and $5,000, for purpose of this removal analysis only, the maximum statutory damages exceed the $5,000,000 threshold for CAFA based on the number of potential class members as Plaintiff has chosen to define them. Under CAFA, the claims of individual class members are aggregated when determining if CAFA's $5 million jurisdictional threshold is met. 28 U.S.C. § 1332(d)(6). Thus, the $5,000,000 threshold would be satisfied if there are at least 1,000 class members, as the potential recovery under RCW 49.58.070(1) could be up to $5,000 per applicant (1,000 x $5,000). *See Arias*, 936 F.3d at 927 ("[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover.") (italics in original); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal"). In 2023 alone, Defendant received at least 5,035 applications[2] for job postings

[2] Out of these, 4,934 listed Washington state home addresses. Taylor Dec. ¶ 7.



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

in Washington. Taylor Dec. ¶ 6. Assuming for removal purposes only that each of these 5,035 individuals qualify as an "applicant" potentially entitled to a $5,000 penalty per RCW 49.58.070(1), the amount-in-controversy easily exceeds the $5,000,000 threshold.

Defendant emphasizes that this is not a liability concession, and a party need not make such a concession to remove under CAFA. *Lewis*, 627 F.3d at 400 (holding that the district court erred by effectively asking the defendant to admit that at least $5 million of the controversial billings were "unauthorized" within the meaning of the complaint); *see also Arias*, 936 F.3d at 927 (vacating order of remand where trial court "seemed to have imposed a requirement that [the defendant] prove it actually violated the law at the assumed rate of violation" in order to estimate the amount in controversy). Defendant has thus satisfied the $5,000,000 threshold under CAFA to support removal.

**D. Notice of Removal to State Court**

In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached hereto as **Exhibit A**.

## VI. CONCLUSION

Subject matter jurisdiction exists under 28 U.S.C. §1332(a) because there is diversity of citizenship between the Plaintiff and Defendant and at least $75,000 amount in controversy. Subject matter jurisdiction also exists under 28 U.S.C. §1332(d) because there is minimal diversity of citizenship inasmuch as at least one putative class member is a citizen of Washington (or California) and Defendant is a citizen of Virginia and Texas. The putative class exceeds 100 members, and as pled, the amount in controversy exceeds the jurisdictional minimum. In addition, no CAFA exceptions apply, and Plaintiff's allegations are sufficient to plead Article III standing. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908

and Defendant has properly removed this Action to this Court. Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections.

DATED this 3rd day of October, 2025.

FISHER & PHILLIPS LLP

By *s/Catharine M. Morisset*
Catharine M. Morisset, WSBA #29682

FISHER & PHILLIPS LLP
1700 Seventh Avenue Suite 2200
Seattle, WA 98101
Email: cmorisset@fisherphillips.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify under the penalty of perjury of the laws of the United States that on the date below written, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and caused to be served a true and correct copy of same by the method indicated below and addressed as follows:

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff*

DATED this 3rd day of October, 2025, at Seattle, Washington.

Jazmine Matautia, Legal Secretary



FISHER & PHILLIPS LLP
1700 7TH AVENUE, SUITE 2200
SEATTLE, WA 98101
Phone: (206) 682-2308 Fax: (206) 682-7908